## COYNE *v.* FEINER.

*(City Court of New York, General Term. November 16, 1891.)*

LANDLORD AND TENANT—WHAT CONSTITUTES A LEASE.

    Defendant signed an instrument purporting to be a lease, which contained a description of the premises occupied by him as tenant, and fixed the rent, time of payment, and length of term. *Held,* that such instrument must be deemed a lease.

Appeal from trial term.

Action by John Coyne against Solomon Feiner to recover rent evidenced by written lease. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK and FITZSIMONS, JJ.

*Hayes & Rothschild,* (*Arthur J. Westermayr,* of counsel,) for appellant. *Thorton, Earle & Kiendl,* for respondent.

VAN WYCK, J. The written agreement of March 20, 1886, signed by plaintiff's assignor and the defendant, is a lease of the premises mentioned for the term of three years from May 1, 1886, at an annual rental of $1,500, payable monthly in advance. The defendant entered into possession of the premises just prior to May, 1886, under that lease, and from thenceforth the relation of landlord and tenant was established thereunder between him and plaintiff's assignor. The defendant continued in possession under this lease for seven months, and paid the rent for these months as it became due under the lease, and then, without the permission or assent, expressed or implied, of his landlord, he abandoned the same, and now seeks to avoid his liability

for further rent under the lease upon the claim that by that agreement the landlord has covenanted "to put in water-closets on four floors," which meant more than one on each floor, and that the building was not ready for occupancy by May 1st, although he went into possession by that day, and continued in such possession for seven months, paying the rent meanwhile as it fell due. The defendant does not make counter-claim for any of the damages which he claims to have suffered, but merely seeks to avoid payment of rent by reason of such damage, and he also contends that the agreement of March 20th is not a lease. The rulings of the trial judge, excluding evidence offered by defendant, were proper, as such evidence was not admissible under the pleadings or the rules of evidence. It would seem that defendant's main reliance in resisting payment of rent is that the agreement is not a lease, but in this he is wrong, for he, with plaintiff's assignor, signed the same, and it contains description of premises, and fixes the rent and time of payment as well as the time of occupancy, and must, under established rules of construction, be deemed a lease. The judgment must be affirmed, with costs.